IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.                                            1:22-cv-00801-JCH-JMR

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, PENITENTIARY
OF NEW MEXICO SOUTH, and CHARLENE
HAGERMAN, *Warden*,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Kevin Ogden's Motion to Proceed In Forma Pauperis. Doc. 31. The Honorable Senior District Judge Judith C. Herrera referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 11. Having reviewed the relevant filings and law, I recommend that the Court deny Mr. Ogden's Motion to Proceed In Forma Pauperis (Doc. 31).

On September 25, 2024, the Clerk of Court for the Tenth Circuit sent a letter requiring Mr. Ogden to either pay the $605.00 fee to initiate the appeal or file a motion for leave to proceed on appeal without prepayment of fees in this Court. Doc. 30. Accordingly, Mr. Ogden filed his Motion to Proceed in Forma Pauperis (Doc. 31). However, the motion is incomplete.

On November 5, 2024, I ordered Mr. Ogden to cure his motion by submitting his inmate account statement for the six-month period prior to his appeal, as required by 28 U.S.C. § 1915(a)(2). Doc. 32. Mr. Ogden did not submit his account statement, and the deadline for doing so has passed. I warned Mr. Ogden that, "Failure to timely cure the Motion to Proceed in Forma

Pauperis (Doc. 31) will likely result in its denial." *Id.* at 2.

Section 1915(a)(2) provides that an incarcerated person seeking to appeal a civil judgment without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Failure to provide the Court with a certified inmate account statement is a sufficient basis to deny a motion to proceed in forma pauperis—and can even be grounds for dismissal of an entire case. *See Gonzalez v. Bernalillo Cnty. Dist. Ct.*, 640 F. App'x 759 (10th Cir. 2016) (unpublished). A certified inmate account statement is required even when a litigant is seeking to proceed in forma pauperis on appeal. *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1153 (10th Cir. 2009) ("[A] prisoner seeking to proceed *ifp* on appeal from a judgment in a civil action or proceeding must file a new motion in the district court together with a supporting affidavit and a certified copy of the prisoner's trust fund account statement for the six-month period immediately prior to the filing of the notice of appeal.").

Federal Rule of Appellate Procedure 24(a) explains that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." FED. R. APP. P. 24(a)(1). "If the district court denies the motion, it must state its reasons in writing." FED. R. APP. P. 24(a)(2).

Simply put, Mr. Ogden failed to provide the Court with an inmate account statement for the six-month period prior to his appeal. As such, I must recommend that the Court deny his Motion to Proceed In Forma Pauperis (Doc. 31).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge