IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KEVIN OGDEN,**

    **Petitioner,**

v.     1:22-cv-00801 JCH/JMR

**ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, PENITENTIARY
OF NEW MEXICO SOUTH, and CHARLENE
HAGERMAN, Warden,**

    **Respondents.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Proposed Findings and Recommended Disposition ("PFRD") on December 17, 2024. Doc. 33. The PFRD notified the parties of their ability to file objections within fourteen days, and that failure to do so waived appellate review. *Id*. at 3. On December 19, 2024, the respondents filed a notice of non-objections to the PFRD. Doc. 34. On December 30, 2024, the petitioner filed his objections to the Magistrate Judge's PFRD. Doc. 35.

## BACKGROUND

Petitioner Kevin Ogden ("Ogden") filed a petition for writ of habeas corpus in accordance with 28 U.S.C. § 2241. On September 3, 2024, the undersigned judge entered an order adopting the magistrate judge's report and recommendation to dismiss Ogden's petition and overruling Ogden's objections to the report and recommendations. Doc. 26. On that same date, the Court entered final judgment in favor of the respondents. Doc. 27.

On September 24, 2024, Ogden filed his Notice of Appeal of this Court's judgment. The next day, the Clerk of Court for the Tenth Circuit sent a letter requiring Ogden to either pay the $605.00 fee to initiate the appeal or file in this district court a motion for leave to proceed on appeal

without payment of fees. Doc. 30. Accordingly, on October 28, 2024, Ogden filed his Motion to Proceed in Forma Pauperis with this Court. Doc. 31. However, Ogden did not attach to his motion an account statement from the institution in which he is incarcerated.

On November 5, 2024, the magistrate judge ordered Ogden to cure his motion by submitting his inmate account statement for the six-month period prior to his appeal, as required by 28 U.S.C. § 1915(a)(2), no later than December 6, 2024. Doc. 32. Ogden did not submit his account statement as ordered. Therefore, on December 17, 2024, the magistrate judge entered her PFRD recommending that Ogden's motion to proceed *in forma pauperis* be denied.

On December 30, 2024, Ogden filed his objections to the PFRD. Doc. 35. In those objections, Ogden raised arguments regarding the applicability of § 1915(a)(2) that he had not raised before the magistrate judge. Respondents did not respond to Ogden's objections, and the issues raised therein are ready for review.

## STANDARD OF REVIEW

A magistrate judge may only recommend denial of *in forma pauperis* status, and a reviewing district judge reviews the magistrate judge's recommendation de novo. 28 U.S.C. § 636(b)(1)(C). *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (district court must conduct de novo review of magistrate judge's denial of in forma pauperis motion). In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995).

## DISCUSSION

The magistrate judge recommended denying Ogden's motion to proceed *in forma pauperis* because she ordered Ogden to provide an inmate account statement for the six-month period prior

to his appeal, citing 28 U.S.C. § 1915(a)(2), *see* Doc. 32 at 1, and he failed to do so. Doc. 33 at 2. Ogden objects to the PFRD, arguing that the Prison Litigation Reform Act ("PLRA") does not apply to appeals of habeas corpus cases. The PLRA amended § 1915 to impose filing fee obligations on a "prisoner" who "brings a civil action or files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1). However, Ogden contends that an appeal of a § 2241 habeas case is not a civil action under the PLRA. Doc. 35 at 1-2. Ogden supports his argument with citations to cases from various Circuit Courts of Appeals. Among the opinions that Ogden relies upon is *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809 (10th Cir. 1997).

In many civil cases, prisoners must pay a filing fee. To wit, 28 U.S.C. § 1915(a)(2) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

However, the Tenth Circuit has held that habeas cases, including § 2241 appeals, are not "civil actions" for purposes of §§ 1915(a)(2) and (b). *McIntosh v. U.S. Parole Com'n*, 115 F.3d at 811. Other circuit courts have reached similar conclusions. *See, e.g., Garza v. Thaler*, 585 F.3d 888, 889 (5th Cir. 2009) (holding that the PLRA and its requirements of filing fees do not apply in a § 2254 habeas proceeding); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (same); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) (holding that PLRA does not apply to § 2241 or § 2254 petitions). Thus, Ogden is correct in arguing that § 1915(a)(2) is not a proper

3

basis for requiring him to submit six months of institutional trust fund statements as a prerequisite for being permitted to proceed *in forma pauperis*.

However, this does not put an end to the issue. There are other provisions governing applications for habeas corpus in federal court. Specifically, Rule 3(a)(2) of the *Rules Governing Section 2254 Cases in the United States District Courts*[1] (as amended Dec. 1, 2019) states that a petitioner must either pay the filing fee or submit "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 1(b) applies this rule to other habeas corpus applications, including those brought under 28 U.S.C. § 2241.

Ogden has met the first two requirements of Rule 3(a)(2) by filing his motion and his affidavit, but he has not filed a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that Ogden has in any account in the institution. The Court notes that unlike 28 U.S.C. § 1915(a)(2), habeas Rule 3(a)(2) does <u>not</u> require six months' worth of account statements, but rather only the prisoner's most recent account statement. Therefore, Ogden must file a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that Ogden has in any account in the institution no later than **February 24, 2025**, or his motion will be denied.

---

[1] The habeas rules may be found at:
https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf [https://perma.cc/AA79-LRB7].

**IT IS THEREFORE ORDERED** that:

1. The PFRD is hereby modified in accordance with this Memorandum Opinion and Order;

2. Petitioner must file a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that Ogden has in any account in the institution no later than **February 24, 2025**. Failure to do so will result in the denial of Petitioner's motion to proceed in forma pauperis; and

3. The Court refers Petitioner's motion to proceed *in forma pauperis* [Doc. 31] back to the United States Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE